O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOHN JAMES FLORES,<br><br>Defendant/Movant. | Case Nos. EDCV 14-00822-VAP<br>EDCR 12-00017-VAP<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**<br><br>**[Motion filed on April 24, 2014]** |

**I. SUMMARY OF PROCEEDINGS**

On April 24, 2014, John James Flores ("Petitioner") filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct A Sentence by a Person in Federal Custody." ("Motion" or "Mot.")([Crim.] Doc. No. 595; [Civ.] Doc. No. 1,).[1] On June 2, 2014, the United States filed an Opposition ("Opp'n") to the Motion. ([Crim.]

---

[1] Some of the documents filed in connection with this Motion appear only on the docket in the underlying criminal case, CR 12-00017(A)-VAP. Citations to [Civ.] indicate documents on the docket for this Motion. Citations to [Crim.] indicate documents on the docket for the underlying criminal case.

Doc. No. 599.)  Petitioner filed a Response to the Government's Opposition on June 18, 2014.[2]  On July 23, 2014, Petitioner filed a "Motion to comply with Local Rule 11-4.1."  ("Motion to Comply" ([Crim.] Doc. No. 612; [Civ.] Doc. No. 5).)  The Court addresses the additional contentions asserted in the Response and that motion separately, below.

## II. BACKGROUND

On January 8, 2013, Petitioner pled guilty to Count 1 of the Superseding Indictment, conspiracy to possess with intent to distribute and distribute heroin in violation of 21 U.S.C. § 846. (Minutes of Change of Plea Hearing ([Crim.] Doc. No. 298).)  Petitioner entered his guilty plea pursuant to a written plea agreement.  ("Plea Agreement") ([Crim.] Doc. No. 259).

The Plea Agreement contains the following provisions: (1) Petitioner agreed to waive his right to a direct appeal of his conviction, with the exception of bringing an appeal that his plea was involuntary  (Plea Agreement ¶ 18); (2) Petitioner agreed to waive his right to bring

---

[2]  The Response was initially stricken from the Court's docket for failure to comply with former Local Rule 11-4.1, which required litigants to provide one extra copy of each document filed for the judge's use.  (See [Crim.] Doc. Nos. 606-07; [Civ.] Doc. No. 4.)  By order of the Court, these entries were restored to the docket on July 31, 2014.  (See [Crim.] Doc. No. 618; [Civ.] Doc. No. 6.)

a direct appeal challenging the calculation of his sentence, provided that he was assigned an offense level of 31 or lower, and the criminal history category calculated by the Court (Plea Agreement ¶ 19); (3) Petitioner agreed to waive his right to bring a post-conviction collateral attack on his conviction or sentence, with the exception of claims based on ineffective assistance of counsel, newly discovered evidence, or a change to the Sentencing Guidelines, sentencing statutes, or statutes of conviction (Plea Agreement ¶ 20); and (4) Petitioner further agreed that no promises, inducements, or representations of any kind had been made to him other than those contained in the agreement.  Moreover, he agreed that no one had threatened him or forced him to sign the agreement and that he was pleading guilty to take advantage of the promises in the agreement.  (Plea Agreement, Certification of Defendant.)

On May 6, 2013, the Court sentenced Petitioner to a 144 month term of imprisonment, along with a 5 year period of supervised release.  (J. & Commitment Order ([Crim.] Doc. No. 414).)

On April 24, 2014, Petitioner filed the instant Motion.  Construing the Motion liberally, it asserts three claims for relief under § 2255:

>    (1) the Court erred by convicting him without substantial evidence;
>    (2) due process was violated because the Government used prior felonies listed in criminal history reports to enhance his criminal history, when he was not, in fact, convicted of those prior felonies;
>    (3) Defense counsel "induced" him to sign the plea agreement.

(Mot. at 5.)

### III. LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783–84 (1979). If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a §

1  2255 motion without an evidentiary hearing. <u>United States
2  v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986); <u>see also</u>
3  <u>United States v. Chacon-Palomares</u>, 208 F.3d 1157, 1159
4  (9th Cir. 2000) ("When a prisoner files a § 2255 motion,
5  the district court must grant an evidentiary hearing
6  '[u]nless the motion and the files and records of the
7  case conclusively show that the prisoner is entitled to
8  no relief.'" (quoting 28 U.S.C. § 2255)).

## IV. DISCUSSION

**A.  Petitioner's Claims Based on Ineffective Assistance of Counsel Fail**

In the Motion, Petitioner claims his counsel was ineffective for: (1) inducing him to sign the Plea Agreement and (2) failing to object to the calculation of his criminal history category using felonies of which he was not convicted.  These claims were not waived in the Plea Agreement (<u>see</u> Plea Agreement ¶ 20), nor could they have been.  See <u>United States v. Pruitt</u>, 32 F.3d 431, 432-33 ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."); <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (finding that waivers cannot bar ineffective assistance of counsel claims associated with the negotiation of plea agreements).

5

To establish ineffective assistance of counsel, a defendant must prove: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668,688, 694 (1984). The "likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 131 S. Ct. 770, 792 (2011).

**1. Counsel's Inducement to Sign the Plea Agreement**

Petitioner alleges that his trial counsel induced him to sign the Plea Agreement. (Mot. at 5.) The Motion, however, contains no facts or evidence to support this claim or to demonstrate that he was coerced or erroneously induced into signing the Plea Agreement. The record does indicate, however, that the Court specifically asked Petitioner during the plea colloquy if anyone had promised him anything, aside from the benefits of the Plea Agreement, in exchange for his guilty plea. Petitioner answered no, and stated that he was pleading guilty voluntarily.

Petitioner's bare assertion that he was wrongfully induced by defense counsel to sign the Plea Agreement, absent any supporting evidence, constitutes an insufficient basis to conclude that counsel's conduct was

ineffective.  The Court finds Petitioner's statements at the change of plea hearing, made under penalty of perjury, more credible than the conclusory allegations asserted in the Motion.  To the extent the Motion argues to the contrary, the Court finds those allegations have little weight.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[S]olemn declarations in open court carry a strong presumption of verity.")  Moreover, the Motion lacks any detail about how Petitioner's counsel may have wrongfully induced him to sign the Plea Agreement.  A district court may deny a § 2255 motion if the petitioner asserts "no more than conclusory allegations, unsupported by facts and refuted by the record."  See United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000)(quoting 28 U.S.C. § 2255).

Additionally, when assessing "the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court [has] required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012).  Petitioner has made no such showing here.

Thus, the Court finds that Petitioner's counsel was not ineffective with respect to Petitioner's acceptance of the Plea Agreement and his subsequent guilty plea, and accordingly, DENIES the Motion on this ground and finds that the Plea Agreement remains valid.

### 2. Counsel's Failure to Object to the Court's Calculation of His Criminal History Category

Petitioner avers that "the government used old prior felonies based on criminal history reports, instead of court judgements (sic) as due process. . . . [I] was never convicted of such charges." (Mot. at 5.) Petitioner further contends that his trial counsel's performance was ineffective for failing to object to the use of prior felonies in the determination of his sentence. (Id. ("[trial counsel] failed to object in open court against the government's usage of [these] old prior felonies . . . .").)[3]

---

[3] To the extent Petitioner claims that the Court erred in its calculation of his criminal history category in the first instance, the Plea Agreement bars that claim. (See Plea Agreement ¶ 19 ("Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court . . . .").) The Court calculated Petitioner's total offense level to be 31. (See Statement of Reasons ([Crim.] Doc. No. 410) at 1.)

To the extent Petitioner contends the Court erred by relying on computer databases rather than the physical copies of court or police records in determining his criminal history category, this claim lacks merit. At sentencing, the district court is not limited to only considering information admissible at trial or limited by the Federal Rules of Evidence; rather, the court "may consider information that 'has sufficient indicia of reliability to support its probable accuracy.'" United States v. Langer, 618 F.3d 1044, 1047 (9th Cir. 2010) (quoting USSG § 6A1.3(a)).

Here, the Court relied upon the Presentence Report ("PSR") in determining Petitioner's criminal history category. ([Crim.] Doc. No. 339.) In the Presentence Report, the Probation Officer assigned to this case stated that she searched through existing records in making her findings concerning Petitioner's criminal history. The PSR States that

> A criminal record inquiry was conducted through the Justice Data Interface Controller System (JDIC) which accesses several databases on the county, state and national level. Arrest records and court records were obtained from the following additional sources: San Bernardino Superior Court; Redlands Municipal Court; San Bernardino Sheriff's Department (SBSD); Redlands Police Department (RPD); California Department of Corrections (CDC); and the California Department of Motor Vehicles (DMV).

(PSR ¶ 41.) Those documents reveal a lengthy criminal history. (See id. ¶¶ 43-98.) Pursuant to Ninth Circuit precedent, the Court was not required to obtain certified copies of judgments or other records in order to rely upon them for purposes of sentencing. Instead, it was permissible to rely on a Probation Officer's representations about a defendant's criminal history where "there is no 'discernable reason' to question the probation officer's honesty, and the sources relied on by the probation officer are equally trustworthy." United States v. Felix, 561 F.3d 1036, 1042 (9th Cir. 2009) (citing United States v. Marin-Cuevas, 147 F.3d 889, 891, 894 (9th Cir. 1998) and United States v. Romero-Rendon, 220 F.3d 1159, 1163 (9th Cir. 2000)). This is especially true where the defendant "offer[s] no evidence to contradict the PSR but only argue[s] that the government failed to sustain its burden of proof." Id. (citing United States v. Felix, 561 F.3d 1036, 1043 (9th Cir. 2009)). Such is the case here. The PSR relied upon official records obtained from government databases and the record indicates no reason to believe the Probation Officer had any reason to prevaricate. Marin-Cuevas, 147 F.3d at 895. Petitioner does not contend that the record of any particular crime in his criminal history is in dispute, only that the Government has failed to meet its burden to show that he was actually convicted of, or was arrested for, those crimes. Accordingly, the Court's

reliance on the PSR, and the records referenced therein, was proper.  As "the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel," (see Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982)), the Court finds that Petitioner's trial counsel did not render ineffective assistance for failing to object to the use of the PSR to determine his criminal history, and accordingly, the Court DENIES the Motion on this ground.

**B.   Petitioner's Remaining Claim Regarding the Sufficiency of the Evidence is Barred by His Plea Agreement**

As noted above, the Plea Agreement agreed to by Petitioner contained explicit waivers of his right to bring a direct appeal and to bring a post-conviction collateral attack on his sentence in most respects.  (See Plea Agreement ¶¶ 18-20.)  Waivers of direct appeal and post-conviction relief rights are valid, so long as those waivers are express.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Thus, Petitioner's claim that he was convicted without substantial evidence is barred by the terms of the Plea Agreement, and is not covered by any exception

11

contained therein.  Accordingly, the Court DENIES the Motion on this ground.[4]

## C. The Additional Allegations in Petitioner's Response and "Motion to Comply"

### 1. Petitioner's Plea Agreement

In Petitioner's Response, he makes additional allegations concerning his Plea Agreement. Specifically, he contends that the Plea Agreement reserved his right to file a direct appeal, and that the Court indicated as much at his sentencing.  (Response at 3-4.)  Additionally, he contends that his trial counsel was required to submit a direct appeal on his behalf, but failed to do so.  (Id.)

Preliminarily, the Court is not required to address issues first raised in a reply brief.  See Montes v. United States, 2012 WL 3778856, at *5 (E.D. Cal. Aug. 31, 2012) (denying ineffective assistance claim in § 2255 motion where first raised in a reply brief).  In any event, Petitioner is mistaken that his Plea Agreement reserved the right to file a direct appeal.  As noted previously, the Plea Agreement contains express waivers of the right to appeal his conviction, the calculation of

---

[4] Not only is this claim barred by the Plea Agreement, it has also been procedurally defaulted due to Petitioner's failure to raise this claim on direct appeal.  See Bousley v. United States, 523 U.S. 614, 622 (1998).

12

his sentence, subject to conditions precedent that did not occur, and his right to bring a post-conviction collateral attack on his conviction or sentence. (Plea Agreement ¶¶ 18-20.)

Moreover, at the close of sentencing, the Court noted that although he had gave up most of his appellate rights through the Plea Agreement, Petitioner still had the right to file an appeal within fourteen days of the date of sentencing, provided he had proper grounds to file such an appeal. Petitioner stated that he understood. Accordingly, to the extent Petitioner's Response raises additional grounds for relief, the Court DENIES those claims as well.

**2. Petitioner's Allegations Concerning Document Production**

Petitioner further faults the Government for not complying with the Court's Order requiring a Return to Petitioner's Motion. (See Response at 1-2 (quoting Order Requiring Return ([Civ.] Doc. No. 3)).) Petitioner appears to renew this allegation in the Motion to Comply. (Motion to Comply at 1.) In the Order Requiring Return, the Court stated that "the United States Attorney [shall] file a Return to the motion on or before June 2, 2014, accompanied by all records, and that Respondent [shall] serve a copy of the Return upon the Petitioner prior to

the filing thereof." (Order Requiring Return at 1.) Petitioner appears to be under the impression that this Order required the Government to submit: (1) all documents supporting his criminal history calculation; (2) documents demonstrating that he was read his <u>Miranda</u> rights; (3) documents pertaining to an allegedly unlawful wiretap, and (4) a certification that it employed a certified Spanish language interpreter during the investigation that led to his arrest. (Response at 2-3.)

    Petitioner is mistaken. The Court's Order only requires the United States Attorney to produce all records *relevant to the filing of the Return*. Here, no additional documents were necessary in the resolution of the Motion. Accordingly, the Court declines to find that the Government failed to comply with the Court's order.[5]

---

[5] Petitioner also filed a "Motion to respond to Notice of Discrepancy" on August 19, 2014, stating his hope that the previously filed Notices of Discrepancy will not affect the adjudication of the instant Motion. ([Civ.] Doc. No. 8.)

**V. CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's Motion.

Dated: September 18, 2014

VIRGINIA A. PHILLIPS
United States District Judge